UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RHONDA GRIMSLEY and THOMAS
GRIMSLEY,

                Plaintiffs,

    -against-                         **COMPLAINT**

UNITED STATES OF AMERICA,        Docket No.

                Defendant.
_____

      Plaintiffs, RHONDA GRIMSLEY and THOMAS GRIMSLEY, by their attorneys, Gary A. Zucker & Associates, P.C., complaining of the defendant herein, respectfully set forth and allege, upon information and belief:

## JURISDICTION

      1.    At all times hereinafter mentioned, the actions and omissions upon which liability is herein based occurred at the offices of ODA Primary Health Care Network, Inc. (hereinafter ODA) located at 329 Hewes Street, Brooklyn, New York.

      2.    Pursuant to 42 U.S.C. § 233(g), ODA was designated a public health service employee and thus ODA and its employees are deemed to be employees of the United States of America for the purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 671-2680("FTCA").

      3.    On or about the 11th day of May, 2017, plaintiffs RHONDA GRIMSLEY (hereinafter R.G.) and THOMAS GRIMSLEY (hereinafter T.G.) caused to be served upon the United States Department of Health and Human Services a claim for damages due to personal injury pursuant to 28 U.S.C. § 2401(b) setting forth the material facts underlying this action.

4. On or about the 18th day of September, 2017, plaintiffs were notified in writing by the United States Department of Health and Human Services that the aforesaid claim had been denied.

5. Less than 180 days have elapsed since notification was received by plaintiffs of the denial of the aforesaid claim by the United States Department of Health and Human Services.

6. Plaintiffs have duly complied with all prerequisites to the commencement of the within action pursuant to 28 U.S.C. §2675.

## VENUE

7. Venue properly lies in this court pursuant to 28 U.S.C. §1391(e) on the grounds that the events underlying the within action occurred in the County of Kings, City and State of New York.

## FACTS

8. Upon information and belief, at all times hereinafter mentioned, ODA was and still is a professional corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Upon information and belief, at all times hereinafter mentioned, ODA employed various physicians, nurses, technicians, and other individuals for the purpose of rendering medical care and treatment to the public.

10. Upon information and belief, at all times hereinafter mentioned, ODA held itself out to the public, and more particularly to plaintiff R.G., as rendering and being capable of rendering medical care and treatment in accordance with standards of good and accepted medical practice.

11. Upon information and belief, at all times hereinafter mentioned, FARZAD NABATIAN, M.D. (hereinafter NABATIAN) was and still is a physician duly licensed to practice medicine in the State of New York.

12. Upon information and belief, at all times hereinafter mentioned, NABATIAN was employed by ODA.

13. Upon information and belief, at all times hereinafter mentioned, NABATIAN rendered medical care and treatment to plaintiff R.G. in the course of his employment for and/or in furtherance of the business of ODA.

14. Upon information and belief, at all times hereinafter mentioned, NABATIAN held himself out to the public, and more particularly to plaintiff R.G., as a specialist in the field of obstetrics/gynecology and having the requisite skill and knowledge of physicians practicing in that field.

15. On or about the 17th day of October, 2014, plaintiff R.G. underwent a bilateral screening mammography at The Brooklyn Hospital Center (hereinafter TBHC).

16. On or about the 29th day of October, 2014, plaintiff R.G. provided NABATIAN with a letter from the physician who interpreted the aforesaid bilateral screening mammography which recommended additional imaging studies consisting of spot compression and ultrasound examination.

17. On or about the 5th day of February, 2015, plaintiff R.G. underwent a diagnostic digital mammography and ultrasound of the right breast at TBHC.

18. Between the 5th day of February, 2015 and the 6th day of March, 2015, NABATIAN received a report of the aforesaid digital mammography and ultrasound of the

right breast which included suspicious abnormal findings and a recommendation for an ultrasound-guided core biopsy.

19. Between the 5th day of February, 2015 and the 6th day of March, 2015, NABATIAN referred plaintiff R.G. for an ultrasound-guided core biopsy of the right breast.

20. On or about the 6th day of March, 2015, plaintiff R.G. underwent an ultrasound-guided core biopsy of her right breast at TBHC.

21. The final surgical pathology report of the aforesaid ultrasound-guided core needle biopsy described "mainly fibroadipose tissue with a minute focus of unremarkable breast tissue".

22. On or about the 10th day of March, 2015, NABATIAN received a report containing the findings of the aforesaid ultrasound-guided core needle biopsy and recommended that a follow-up right breast ultrasound be performed within three months.

23. Despite the findings of the aforesaid mammogram and ultrasound-guided core biopsy, NABATIAN failed to refer plaintiff R. G. to a surgeon or to any other physician for further evaluation of the right breast.

24. On or about the 2nd day of October, 2015, NABATIAN referred plaintiff R. G. for a screening mammogram of the right breast.

25. On or about the 4th day of November, 2015, plaintiff R.G. underwent a screening mammogram of the right breast at TBHC.

26. On or about the 5th day of November, 2015, NABATIAN received a report of the radiologist's interpretation of the aforesaid mammogram stating that the findings in the right breast were unchanged from the ultrasound examination performed on the 5th day of February, 2015 and recommending further evaluation solely of the left breast.

27. On or about the 21st day of November, 2016, plaintiff R. G. underwent an excisional biopsy of the right breast at TBHC which was positive for carcinoma.

28. On or about the 15th day of February, 2017, plaintiff R.G. underwent a lymph node biopsy at Montefiore Medical Center in Bronx, New York, which revealed that the carcinoma of plaintiff R.G.'s right breast had metastasized to the lymph nodes.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF RHONDA GRIMSLEY

29. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 28 above, with the same force and effect as if set forth herein more fully at length.

30. The aforesaid medical care and treatment rendered by the defendant, its agents, servants, and/or employees, failed to conform with standards of good and accepted medical practice in allowing plaintiff R.G.'s carcinoma to go untreated, grow, and metastasize.

31. By virtue of the foregoing, plaintiff R.G. has been caused to suffer damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THOMAS GRIMSLEY

32. Plaintiff T.G. repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 31 above, with the same force and effect as if set forth herein more fully at length.

33. At all times hereinabove mentioned, plaintiff T.G. was and still is the lawful husband of plaintiff R.G.

34. As a result of the aforesaid negligence, malpractice, and wrongdoing of the defendant, it agents, servants, and/or employees, plaintiff T.G. has been and continues to be deprived of the companionship, society, services, and consortium of his said spouse.

35. By virtue of the foregoing, plaintiff T.G. has been caused to suffer damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

WHEREFORE, plaintiff R.G. demands judgment against the defendant on the First Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS and plaintiff T.G. demands judgment against the defendant on the Second Cause of Action in the sum of ONE MILLION ($1,000,000.00) DOLLARS together with the costs, interest, and disbursements of this action.

GARY A. ZUCKER & ASSOCIATES, P.C.
Attorneys for Plaintiffs
186 Joralemon Street, Suite 1010
Brooklyn, NY 11201
(718) 624-1211

By: _____
GARY A. ZUCKER (4956)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RHONDA GRIMSLEY and THOMAS GRIMSLEY,

                                  Plaintiffs,

     -against-

UNITED STATES OF AMERICA,

                                  Defendant.

**CERTIFICATE OF MERIT NOTICE OF COMPLIANCE PURSUANT TO CPLR 3012-a(1)**

---

    GARY A. ZUCKER, an attorney admitted to practice in the State of New York, does hereby certify, pursuant to CPLR 3012-a (1):

    I am a member of the firm of GARY A. ZUCKER & ASSOCIATES, P.C., attorneys for the plaintiff in the above-entitled action and hereby certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who, I reasonably believe, is knowledgeable in the relevant issues involved in this action, and have concluded on the basis of such review and consultation that there is a reasonable basis for commencement of this action.

Dated:  Brooklyn, New York
          October 4, 2017

                                                        GARY A. ZUCKER (4956)