UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RHONDA GRIMSLEY and THOMAS
GRIMSLEY,

                       Plaintiffs,                       **AMENDED COMPLAINT**
      -against-                                  **AND JURY DEMAND**

UNITED STATES OF AMERICA, DAVID
WOLIN, MD and THE BROOKLYN HOSPITAL
CENTER,                                          Docket No. 17-cv-5811 (SR)(JO)

                       Defendants.
_____

       Plaintiffs, RHONDA GRIMSLEY and THOMAS GRIMSLEY, by their attorneys, GARY A. ZUCKER & ASSOCIATES, P.C., complaining of the defendants herein, respectfully show to this Honorable Court and allege, upon information and belief:

## JURISDICTION

       1.    At all times hereinafter mentioned, the actions and omissions upon which liability is herein based against defendant UNITED STATES OF AMERICA (hereinafter USA) occurred at the offices of ODA Primary Health Care Network Inc. (hereinafter "ODA") located at 329 Hewes Street, Brooklyn, New York.

       2.    Pursuant to 42 U.S.C. § 233(g), ODA was designated a public health service employee and thus ODA and its employees are deemed to be employees of the United States of America for the purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 671-2680 ("FTCA").

       3.    On or about the 11th day of May, 2017, plaintiffs RHONDA GRIMSLEY (hereinafter R.G.) and THOMAS GRIMSLEY (hereinafter T.G.) caused to be served upon the

United States Department of Health and Human Services claims for damages due to personal injury pursuant to 28 U.S.C. § 2401(b) setting forth the material facts underlying this action.

4. On or about the 18th day of September, 2017, plaintiffs were notified in writing by the United States Department of Health and Human Services that the aforesaid claim had been denied.

5. Less than 180 days had elapsed between the date notification was received by plaintiffs of the denial of the aforesaid claim by the United States Department of Health and Human Services and the filing of the original Summons and Complaint against defendant U.S.A. in this action.

6. Plaintiffs have duly complied with all prerequisites to the commencement of the within action against defendant USA pursuant to 28 U.S.C. §2675.

7. Defendants DAVID WOLIN, M.D. (hereinafter WOLIN) and THE BROOKLYN HOSPITAL CENTER (hereinafter TBHC) are subject to the supplemental jurisdiction of this court pursuant to 28 U.S.C. §1367(a) for the reason that the claims against said defendants herein are so related to the claims made against defendant USA that they form part of the same case or controversy.

## VENUE

8. Venue properly lies in this court pursuant to 28 U.S.C. §1391(e) on the grounds that the actions and omissions for which recovery is sought herein occurred in the County of Kings, State of New York.

## FACTS

9.  Upon information and belief, at all times hereinafter mentioned, defendant DAVID WOLIN, M.D. (hereinafter WOLIN) was and still is a physician duly licensed to practice medicine in the State of New York.

10. Upon information and belief, at all times hereinafter mentioned, defendant WOLIN held himself out to the public, and more particularly to plaintiff RG, as a specialist in the fields of diagnostic radiology and breast imaging and having the requisite skill and knowledge of physicians practicing in that field.

11. Upon information and belief, defendant, THE BROOKLYN HOSPITAL CENTER (hereinafter TBHC), was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

12. Upon information and belief, defendant TBHC owned a hospital facility located at One Dekalb Avenue, Brooklyn, New York.

13. Upon information and belief, defendant TBHC operated a hospital facility located at One Dekalb Avenue, Brooklyn, New York.

14. Upon information and belief, at all times hereinafter mentioned, defendant TBHC hired and/or retained various physicians, nurses, technicians and other individuals for the purpose of rendering medical care and treatment to patients at its aforesaid hospital facility.

15. Upon information and belief, at all times hereinafter mentioned, defendant TBHC held itself out to the public, and more particularly to plaintiff RG, as rendering and being capable of rendering medical care and treatment in accordance with standards of good and accepted medical practice.

16. Upon information and belief, at all times hereinafter mentioned, defendant WOLIN was employed by defendant TBHC.

17. Upon information and belief, at all times hereinafter mentioned, defendant WOLIN rendered medical care and treatment to plaintiff RG in the course of his employment for and/or in the furtherance of the business of defendant TBHC.

18. Upon information and belief, at all times hereinafter mentioned, FARZAD NABATIAN, M.D. (hereinafter NABATIAN) was and still is a physician duly licensed to practice medicine in the State of New York.

19. Upon information and belief, at all times hereinafter mentioned, NABATIAN held himself out to the public, and more particularly to plaintiff RG, as a specialist in the field of obstetrics and gynecology, and having the requisite skill and knowledge of physicians practicing in that field.

20. Upon information and belief, at all times hereinafter mentioned, ODA PRIMARY HEALTH CARE NETWORK, INC., (hereinafter ODA) was and still is a corporation duly organized and existing under and by virtue of the laws of the State of New York.

21. Upon information and belief, at all times hereinafter mentioned, ODA owned a medical facility located at 329 Hewes Street, Brooklyn, New York.

22. Upon information and belief, at all times hereinafter mentioned, ODA held itself out to the public, and more particularly to plaintiff RG, as rendering and being capable of rendering medical care at its aforesaid medical facility in accordance with standards of good and accepted medical practice.

23. Upon information and belief, at all times hereinafter mentioned, ODA employed various physicians, technicians, nurses and other individuals for purpose of rendering medical care to patients at its aforesaid medical facility.

24. Upon information and belief, at all times hereinafter mentioned, NABATIAN was employed by ODA and was by operation of law, an employee of defendant U.S.A.

25. Upon information and belief, at all times hereinafter mentioned, NABATIAN rendered medical care and treatment to plaintiff RG in the course of his employment for and/or in furtherance of the business of ODA and by operation of law, in the course of his employment for and/or in furtherance of the business of defendant U.S.A.

26. On or about the 17th day of October, 2014, plaintiff RG underwent a bilateral screening mammography at defendant TBHC.

27. On or about the 29th day of October, 2014, plaintiff RG provided NABATIAN with a letter from the physician who interpreted the aforesaid bilateral screening mammography which recommended additional imaging studies consisting of spot compression and ultrasound examination.

28. On or about the 2nd day of October, 2015, NABATIAN referred plaintiff RG for a unilateral diagnostic digital mammography and ultrasound of the right breast.

29. On or about the 5th day of February, 2015, plaintiff RG underwent unilateral diagnostic digital mammography and ultrasound of the right breast at defendant TBHC.

30. Between the 5th day of February, 2015 and the 6th day of March, 2015, NABATIAN received a report of the aforesaid digital mammography and ultrasound of the right breast which included suspicious abnormal findings and a recommendation for an ultrasound-guided core biopsy.

31. Between the 5th day February, 2015 and the 6th day of March, 2015, NABATIAN referred plaintiff RG for an ultrasound-guided core biopsy of the right breast.

32. On or about the 6th day of March, 2015, defendant WOLIN performed an ultrasound-guided core biopsy of plaintiff RG's right breast at defendant TBHC.

33. The final surgical pathology report of the aforesaid ultrasound-guided core needle biopsy described "mainly fibroadipose tissue with a minute focus of unremarkable breast tissue".

34. On or about the 10th day of March, 2015, defendant WOLIN provided NABATIAN with a report containing the findings of the aforesaid ultrasound-guided core needle biopsy and recommended that a follow-up right breast ultrasound be performed within 3 months.

35. Despite the findings of the aforesaid mammogram and ultrasound-guided core biopsy, defendant WOLIN failed to recommend that plaintiff RG be referred to a surgeon or to any other physician for further evaluation of the right breast.

36. Despite the findings of the aforesaid mammogram and ultrasound-guided core biopsy, NABATIAN failed to refer plaintiff RG to a surgeon or to any other physician for further evaluation of the right breast.

37. On or about the 2nd day of October, 2015, NABATIAN referred plaintiff RG for a screening mammogram of the right breast.

38. On or about the 4th day of November, 2015, plaintiff RG underwent a screening mammogram of the right breast at defendant TBHC.

39. On or about the 5th day of November, 2015, defendant WOLIN prepared and forwarded to NABATIAN a report of his interpretation of the aforesaid mammogram stating

that the findings in the right breast were unchanged from the ultrasound examination performed on the 5th day of February, 2015 and recommending further evaluation solely of the left breast.

40. On or about the 21st day of November, 2016, plaintiff RG underwent an excisional biopsy of the right breast at defendant TBHC which was positive for carcinoma.

41. On or about the 15th day of February, 2017, plaintiff RG underwent a lymph node biopsy at Montefiore Medical Center in Bronx, New York, which revealed that the carcinoma of plaintiff RG's right breast had metastasized to the lymph nodes.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF RHONDA GRIMSLEY

42. This plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41 above, with the same force and effect as if set forth herein more fully at length.

43. The aforesaid treatment rendered by the defendants, their agents, servants, and/or employees, to plaintiff RG failed to conform with standards of good and accepted medical practice in allowing plaintiff RG's carcinoma to go untreated, grow, and metastasize.

44. As a result of the negligence, malpractice, and wrongdoing of the defendants as aforesaid, plaintiff RG has been caused to incur medical expenses and lost earnings and to suffer a progression of her carcinoma, a worsening of her prognosis, a lesser chance of survival, physical pain, mental anguish, and loss of enjoyment of life.

45. The limitation of liability provisions of Article 16 of the CPLR do not apply herein by virtue of the fact that the defendants acted jointly and in concert to render the aforesaid medical care and treatment and pursuant to the doctrine of respondent superior.

46. By virtue of the foregoing, plaintiff RG has been caused to suffer damages in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THOMAS GRIMSLEY

47. Plaintiff TG repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 46 above, with the same force and effect as if set forth herein more fully at length.

48. At all times hereinabove mentioned, plaintiff TG was and still is the lawful husband of plaintiff RG

49. As a result of the aforesaid negligence, malpractice, and wrongdoing of the defendants, their agents, servants, and/or employees, plaintiff TG has been and continues to be deprived of the companionship, society, services, and consortium of his said spouse.

50. By virtue of the foregoing, plaintiff TG has been caused to suffer damages in the sum of ONE MILLION ($1,000,000.00) DOLLARS.

## JURY DEMAND

51. Plaintiffs hereby demand a trial by jury with respect to all claims made herein against defendants WOLIN and TBHC.

WHEREFORE, plaintiff RG demands judgment against the defendants on the First Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS and plaintiff TG demands judgment against the defendants on the Second Cause of Action in the sum of ONE MILLION ($1,000,000.00) DOLLARS together with the costs, interest, and disbursements of this action.

Dated: Brooklyn, New York
January 30, 2018

                                  GARY A. ZUCKER & ASSOCIATES, P.C.
                                  Attorneys for Plaintiffs
                                  186 Joralemon Street, Suite 1010
                                  Brooklyn, NY 11201
                                  (718) 624-1211

                                  By: */s/ Gary A. Zucker*
                                       GARY A. ZUCKER (GZ-4956)

TO:

ROBERT P. DONOGHUE
United States Attorney
Eastern District of New York
Attorney for Defendant USA
271 Cadman Plaza East
Brooklyn, NY 11201


MARTIN CLEARWATER & BELL, LLP
Attorneys for Defendant Wolin
220 East 42nd Street, 13th Floor
New York, NY 10017


KAPLAN, BORGEEST & RYAN, LLP
Attorneys for Defendant TBHC
200 Summit Lake Drive,
Valhalla, NY 10595

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――

RHONDA GRIMSLEY and THOMAS GRIMSLEY,

                              Plaintiffs,

      -against-

UNITED STATES OF AMERICA, DAVID WOLIN, MD and THE BROOKLYN HOSPITAL CENTER,

                              Defendants.
―――――――――――――――――――――――――――

**CERTIFICATE OF MERIT NOTICE OF COMPLIANCE PURSUANT TO CPLR 3012-a(1)**

Docket No. 17-cv-5811 (SR) (JO)

      GARY A. ZUCKER, an attorney admitted to practice in the State of New York, does hereby certify, pursuant to CPLR 3012-a (1):

      I am a member of the firm of GARY A. ZUCKER & ASSOCIATES, P.C., attorneys for the plaintiff in the above-entitled action and hereby certify that I have reviewed the facts of this case and have consulted with a physician licensed to practice in this State who, I reasonably believe, is knowledgeable in the relevant issues involved in this action, and have concluded on the basis of such review and consultation that there is a reasonable basis for commencement of this action.

Dated:  Brooklyn, New York
           January 30, 2018

                                            */s/ Gary A. Zucker*
                                            GARY A. ZUCKER (GZ-4956)